UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNEY SHI LAI, <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES OF AMERICA; NEW YORK STATE; NEW YORK CITY; EXXON MOBILE; COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendants. | 18-CV-10560 (LLS) <br><br> ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity jurisdiction. By order dated July 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, a resident of Brooklyn, New York, filed this complaint against the United States of America, New York State, New York City, Exxon Mobile, and the Commissioner of Social Security. Plaintiff alleges that his cause of action arose in New York State from July 25, 1990, "through present days." He alleges as follows:

> I must get tough on society. I asked myself "what are you afraid of?" we should not fear man. Are you afraid of what others might think of you. I cannot fail to reach my future goals. I was burned July 25, 1990. I had treasured a 1986 National Geographic magazine of a panda will be used as a secret weapon towards demography. I am a man with courage who takes action. I am the eldest sibling in the family. I was injured by the house that was never improved and my family's hardship after my father's [sic] got slashed. Consequently, I got to be extremely precise well known that this is my future.

(ECF No. 2 ¶ III.)

In the "Injuries" portion of the complaint, Plaintiff writes:

> Basic care received. If I list the items I demand and interlock certain kind of them all will make sense. It is purposeful enough in terms or reinforcement. I believe that is the pathway towards independence.

(*Id.*) Plaintiff seeks "a $1,000,000 check," an "ab roller," an iphone, and "a new advanced federal government authorized license business contract pre-paid card (a combination of a business card and a pre-paid card) with my name printed on it Kenney Shi Lai, once received I going to activate it by myself with my" social security claim number. (*Id.*)

2

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims lack an arguable basis in law or fact, and there is no legal theory on which he can rely.[1] *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff previously filed a case that was held to be frivolous. *See Lai v. New York City*, No. 17-CV-1191 (CM) (S.D.N.Y. Apr. 18, 2017), *appeal dismissed*, 17-1252-cv (2d Cir. Aug. 30, 2017) (dismissing appeal because it "lacks an arguable basis either in law or in fact.")

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 29, 2019
        New York, New York

                                                                         Louis L. Stanton
                                                                           U.S.D.J.