UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| KENNY SHI LAI, | |
|---|---|
| Plaintiff, | 1:18-CV-10560 (LLS) |
| -against- | ORDER |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this complaint *pro se* and *in forma pauperis.* By order dated July 29, 2019, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i). On August 6, 2019, before the period to file a notice of appeal had expired, Plaintiff moved under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal. But Plaintiff did not include a notice of appeal with his motion. For the reasons discussed below, the Court construes Plaintiff's motion as a timely notice of appeal.

## DISCUSSION

Plaintiff filed his motion for an extension of time despite the fact that his time to appeal had not yet expired. The question is whether the Court can construe Plaintiff's motion as a notice of appeal.

Plaintiff's motion is not captioned as a notice of appeal, but "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a [submission] and recharacterize the [submission] in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Among the reasons that courts do this is "to avoid inappropriately stringent application of formal labeling requirements[] or to create a better correspondence

between the substance of a *pro se* [submission's] claim and its underlying legal basis." *Id.* at 381-82 (citations omitted).

Under Rule 3 of the Federal Rules of Appellate Procedure, a notice of appeal must (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment, order, or part thereof being appealed," and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). The Supreme Court has instructed courts to "construe Rule 3 liberally when determining whether it has been complied with, [but] noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (internal quotation marks and citation omitted, alteration in original); *see also* Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."). Moreover, federal courts "take 'a liberal view of papers filed by indigent and incarcerated [litigants], as equivalents of notices of appeal.'" *Barrett v. United States*, 105 F.3d 793, 795 (2d Cir. 1996) (quoting *Coppedge v. United States*, 369 U.S. 438, 442 n.5 (1962)).

Under Rule 4 of the Federal Rules of Appellate Procedure, a notice of appeal in a civil action must be filed within thirty days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). But "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3," that is, it "specifically indicate[s] the litigant's intent to seek appellate review [and therefore] provides sufficient notice to other parties and the courts [of the litigant's intent,] . . . it is effective as a notice of appeal." *Smith*, 502 U.S at 248-49; *see Barrett*, 105 F.3d at 795 ("A pro

2

se party's filing will suffice as a notice of appeal so long as it 'evinces an intent to appeal an order or judgment of the district court and [the] appellee has not been prejudiced or misled by the notice.'") (citation omitted).

Plaintiff filed his motion on August 6, 2019, within the period of time to file a notice of appeal for this action. The motion lists the parties in this action, and while not a model of clarity, it can be read to state an intention to appeal from the July 29, 2019 judgment. And "although [Plaintiff] failed to specify [the United States Court of Appeals for the Second Circuit] as that to which he was taking his appeal, review of [the May 3, 2019 judgment can] be had only in" that court. *Barrett*, 105 F.3d at 796 (*pro se* submission satisfied the requirement to name the court to which an appeal was to be taken, even though the Second Circuit was not specified, because the Second Circuit was the only court in which the appeal could be taken); *see also Jackson v. Lightsey*, 775 F.3d 170, 175-76 (4th Cir. 2014) ("[W]e have no difficulty concluding that [a *pro se* litigant's] failure to add the words 'Fourth Circuit' to his notice of appeal did not bring him out of compliance with Rule 3. Where, as in this case, there is only one possible appellate forum, the filing of an otherwise proper notice of appeal may itself be the 'functional equivalent' of naming that court under Rule 3(c)(1)(C).").

Because Plaintiff's motion satisfies the requirements under Rule 3 of the Federal Rules of Appellate Procedure, the Court construes Plaintiff's motion as a timely notice of appeal from the July 29, 2019 judgment.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, and note service on the docket.

The Court construes Plaintiff's motion for an extension of time to file a notice of appeal as a timely notice of appeal. The Court directs the Clerk of Court to process Plaintiff's appeal.

3

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal as moot.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 12, 2019
New York, New York

_____
Louis L. Stanton
U.S.D.J.